UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FELTON L. MATTHEWS, JR., | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:17-cv-00050-RCJ-VPC |
| USA et al., | ) ) | ORDER |
| Defendants. | ) ) ) | |

**I.  DISCUSSION**

Plaintiff is a prisoner proceeding *pro se*. Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, a motion to proceed *in forma pauperis*, and a motion to file excess pages. (ECF No. 1, 1-1, 1-2). However, on at least three (3) occasions, the Court has dismissed civil actions commenced by Plaintiff while in detention for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his complaint, Plaintiff alleges that he has glaucoma and micro-aneurysms in his

---

[1] *See Matthews v. Avants,* 2:01-cv-00474-RLH-LRL (failure to state a claim); *Matthews v. Avants*, 2:02-cv-00209-LRH-PAL (failure to state a claim); and *Matthews v. City of Henderson*, 3:02-cv-00538-HDM-RAM (failure to state a claim). The Court takes judicial notice of these cases.

eyes and that he needs regular eye exams and surgery. (*See generally* ECF No. 1-1 at 17). Plaintiff was having trouble with the "state mail system" and had to cancel his last eye doctor's appointment. (*Id.*) NDOC officials were using the state mail system to frustrate Plaintiff's litigation and caused dismissals in his criminal, small claims, and civil court cases. (*Id.*) The Court finds that these allegations fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). As such, Plaintiff must pre-pay the $400.00 filing fee in full.

## II.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that this action will be DISMISSED without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send Plaintiff two copies of this order. Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

IT IS FURTHER ORDERED that the Clerk of the Court shall retain the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that a decision on Plaintiff's motion to file excess pages (ECF No. 1-2) shall be DEFERRED until the matter of the filing fee is resolved.

Dated: This 16th day of February, 2017.

_____
UNITED STATES DISTRICT JUDGE